UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

COREY STEWART-RICHARDSON,

    Plaintiff,

    v.

CORRECTIONAL OFFICER
YORKS, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:25-cv-01646

(SAPORITO, J.)

## ORDER

Corey Stewart-Richardson alleges that two officers at the Lycoming County Prison failed to intervene or otherwise protect him when he was attacked by another inmate. Defendants Correctional Officer Yorks and Correctional Officer Vognetz have moved to dismiss the operative complaint. Because the complaint plausibly states failure-to-intervene claims against both defendants, the motion will be denied, and the case will proceed to discovery.

## I. BACKGROUND

Stewart-Richardson's initial complaint, filed on September 3, 2025, did not state a claim for viable relief, but we permitted him to file an amended complaint. *See* (Doc. 7). Upon screening his amended complaint

(Doc. 14) pursuant to 28 U.S.C. § 1915A, we dismissed several defendants but permitted him to proceed against defendants Yorks and Vognetz. (Doc. 15).

As relevant to this motion, the operative complaint alleges as follows: On July 12, 2025, Stewart-Richardson was incarcerated at the Lycoming County Prison. At 3:37 p.m., he was assaulted by two inmates while taking a shower. One of the assailants, "Dorcey," had been "separated from [Stewart-Richardson] on the opposite tier" of the prison. However, defendants Yorks and Vognetz "gave the order to open Dorcey's cell" because Dorcey had a visit scheduled with his attorney. This order "gave [Dorcey] a sudden opportunity for the assault." Stewart-Richardson alleges that when the assault began, "both COs ignored [his] cries for assistance," and Yorks allegedly said: "F[*]ck no, you're on your own." The officers allegedly "proceeded to say, 'Let's get out of here' and immediately fled the housing unit."

## II.    DISCUSSION

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the

plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Stewart-Richardson makes further factual allegations in briefing, but those are disregarded, because "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Hughes v. United Parcel Serv., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016) (citation omitted).

Stewart-Richardson claims that the officers violated his

constitutional rights by failing to intervene in the assault.[1] A prison officer may be liable for failure to intervene in assault on an inmate[2] if the attending officer "had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002); *see, e.g., Evans v. Cameron*, 442 F. App'x 704, 707 (3d Cir. 2011).

Stewart-Richardson alleges that the defendants were present during the attack, that they heard his cries for help, that Yorks said "[f*]ck no, you're on your own," and that both defendants said "[l]et's get out of here" and fled. These facts support a plausible inference that the

---

[1] To the extent Stewart-Richardson intended to assert a claim based on the defendants' decision to release Dorcey prior to the attack, that claim is not viable for the reasons explained in the original screening order. Although he alleges that he had been "separated" from Dorcey, Stewart-Richardson "does not allege that Yorks and Vognetz knew about the separation, the reason for the separation, or the fact that Stewart-Richardson was going to be released at the same time," so there is no basis to infer that the Dorcey's release reflected deliberate indifference to Stewart-Richardson's safety. *See* (Doc. 7 at 6).

[2] We infer that Stewart-Richardson was a pretrial detainee at the time of this incident. However, that does not affect the outcome of the motion, because pretrial detainees' Fourteenth Amendment failure-to-intervene claims are evaluated under the same standards as convicted prisoners' Eighth Amendment claims. *See, e.g., Gorrio v. Briggs*, No. 1:23-CV-01697, 2025 WL 2177826, at *26 (M.D. Pa. July 31, 2025).

officers had an opportunity to intervene but refused to do so. Contrary to defendants' argument, a plaintiff does not need to specifically allege "the length of the incident, the officers' proximity, the means by which further harm could have been prevented, or how the event ended" (Doc. 23 at 12) to state a viable failure-to-intervene claim at the pleading stage.[3] *See, e.g., Gorrio v. Briggs*, No. 1:23-CV-01697, 2025 WL 2177826, at *26 (M.D. Pa. July 31, 2025); *Jeremiah v. Kovach*, No. 1:20-CV-01915, 2022 WL 21778340, at *7 (M.D. Pa. Feb. 28, 2022), report and recommendation adopted, 2022 WL 21778339 (M.D. Pa. Mar. 16, 2022); *see also Schuchardt v. President of the United States*, 839 F.3d 336, 347-48 (3d Cir. 2016) (if the allegations support a plausible claim, a plaintiff need not plead any "specific facts").

Defendants further argue that a prison officer need not "charge physically into an inmate fight and place himself in danger" (Doc. 23 at 11), but that is beside the point. "[T]he key is whether prison officials

---

[3] *Hamilton v. Reilly*, No. 21-CV-3295, 2022 WL 1227977 (E.D. Pa. Apr. 26, 2022) is distinguishable, because that plaintiff was allegedly attacked in an area "where no correctional officers were present . . . [I]t is not clear how [officers] could have [intervened if] the assault occurred in an unsupervised area." 2022 WL 1227977 at *4. Unlike in this case, that plaintiff did not allege specific actions or comments by any officer that suggested an opportunity to intervene.

acted reasonably" when failing to intervene in an assault, and allegations that "raise enough questions about the reasonableness of [the] response . . . preclude dismissal." *Bistrian v. Levi*, 696 F.3d 352, 371-72 (3d Cir. 2012) (abrogated on other grounds). Although lacking in detail, the allegations that the defendants "fled" and essentially abandoned Stewart-Richardson in response to his cries for help are sufficient to meet that standard.

III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.   Defendants' motion to dismiss (Doc. 21) is **DENIED**.

2.   Defendants are **ORDERED** to answer the complaint within **14 days** of this order. *See* Fed. R. Civ. P. 12(a)(4).

3.   Discovery must be completed by **September 18, 2026**.

4.   Dispositive motions must be filed by **October 19, 2026**.

Dated: June 18, 2026          *s/Joseph F. Saporito, Jr.*
                              JOSEPH F. SAPORITO, JR.
                              United States District Judge